# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZA LUCERO MORENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:16-cv-1600-SAB<br><br>ORDER GRANTING PETITION FOR ATTORNEY FEES, COSTS, AND EXPENSES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>(ECF Nos. 15, 19 |

Currently before the Court is Petitioner Stephen Rosales petition for attorney fees, costs, and expenses under the Equal Access to Justice Act ("EAJA").

## I.

## PROCEDURAL HISTORY

On October 21, 2016, Plaintiff Liza Lucero Moreno ("Plaintiff") filed a complaint seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. Pursuant to the stipulation of the parties, this action was remanded for further administrative proceedings on January 22, 2018. On April 20, 2018, a petition was filed for attorney fees pursuant to the EAJA and costs pursuant to 28 U.S.C. § 1920. On May 15, 2018, an order was issued requiring Defendant to file an opposition or statement of non-opposition. Defendant filed a statement of non-opposition on May 17, 2018.[1]

---

[1] The May 15, 2018 order also informed the parties that if there was no opposition they could stipulate to the award of attorney fees. It is unclear why the parties did not stipulate, where, as here, there is no opposition to the motion. Had the parties filed a stipulation, the award of attorney fees could have been granted without the court considering the motion. This would have conserved the parties' and judicial resources and resulted in attorney fees being awarded more quickly to the petitioner.

# II.

# LEGAL STANDARDS FOR EAJA MOTIONS

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney's fees, court costs, and other expenses under the EAJA. Flores v. Shalala, 49 F.3d 562, 566, (9th Cir. 1995). The Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), states, in pertinent part:

> **(d)(1)(A)** Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA defines a party as "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. . . ." 28 U.S.C. § 2412(d)(2)(B). Fees and expenses include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A). "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case." Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 8 U.S.C. §§ 2412(d)(1)(C), 2412(d)(2)(D)).

The Court is required to provide a concise but clear explanation for the reasons for the fee award. Sorenson v. Mink, 239 F.3d 1140, 1145 (9th Cir. 2001). Hours that are inadequately documented and hours that were not reasonably expended may reduce the fee award. Id. at 1146.

Fee shifting under EAJA is not mandatory. Flores, 49 F.3d at 567. Attorneys' fees and expenses are not awarded under EAJA where the government's position was substantially justified. Id. "A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'" Hardisty v. Astrue, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)). "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001). The government must establish first, whether the underlying

conduct of the ALJ was "substantially justified" and second, that its litigation position defending the ALJ's error was "substantially justified." Id. at 1259. As the Ninth Circuit described:

> Substantial justification does not mean "justified to a high degree," but simply entails that the government must show that its position meets the traditional reasonableness standard-that is "justified in substance or in the main," or "to a degree that could satisfy a reasonable person."

Corbin v. Apfel, 149 F.3d 1051, 1052 (9th Cir. 1998).

Under EAJA, attorney fees are capped at $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); Sorenson, 239 F.3d at 1145.

## III.

## DISCUSSION

Petitioner is seeking $4,344.00[2] in attorney fees for 20 hours expended by an attorney, and 3.4 hours expended by two paralegals in representing Plaintiff in this action. Petitioner also seeks expenses of $400, for a total of $4,744.00.

### A. Plaintiff is a Prevailing Party

Plaintiff has been granted leave to proceed in this action in forma pauperis. Therefore, the Court finds that she is a party as defined by section 2412.

A plaintiff whose action is remanded is a prevailing party for the purposes of the EAJA. Shalala v. Schaefer, 509 U.S. 292, 300 (1993) ("No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)."). "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded." Gutierrez, 274 F.3d at 1257.

Here, the parties stipulated to remand this action pursuant to sentence four; and the action was remanded for further administrative proceedings. (ECF Nos. 12, 13.) Plaintiff is a

---

[2] Although Plaintiff's motion is seeking $4,086.43 in attorney fees, the Court notes that Petitioner is requesting 20 hours at $195.95 and 3.4 hours at $125.00 per hour. This would amount to a request for $4,344.00.

3

prevailing party for the purposes of the EAJA.

**B.    Reasonable Attorney Fees**

The statute specifically provides for an award of reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

1.    <u>Hours Requested</u>

In this action, Petitioner is seeking 20 hours for his time spent litigating this action and has provided a detailed time accounting. Petitioner seeks hours for reviewing the file, preparing the opening brief, and preparing the petition for attorney fees. Petitioner is also seeking 3.4 hours for paralegal time spent in this action.

Having reviewed the documentation provided, the Court finds that the hours sought are reasonable. <u>See</u> <u>Costa v. Comm. of Soc. Sec. Admin.</u>, 690 F.3d 1132, 1137 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases.").

2.    <u>Hourly Rate</u>

Petitioner is seeking the statutory maximum rate of $195.95 per hour for the work stating that it is reasonable. However, in <u>Sorenson</u>, the Ninth Circuit addressed the issue of whether an attorney can receive fees for work done in prior years at the current year rate. 239 F.3d at 1147-49. The Ninth Circuit found that using the rate that is current when the judgment is entered does more than compensate the attorney for cost of living adjustments; "it adjusts the fee to account for increases in the cost of living between the time that the fee was earned and the time that the government pays the fee. Such an adjustment compensates a lawyer for a delay in payment and is the functional equivalent of prejudgment interest. <u>Id.</u> at 1148. Since Congress has not waived sovereign immunity for prejudgment interest in enacting the EAJA, the attorney fees must be calculated based on the rate in effect during the year that the fees were earned. <u>Id.</u> at 1148-49. Petitioner performed .5 hours in 2016, 18.2 hours in 2017, and 1.3 hours in 2018, (ECF No. 15-1 at 1), and compensation shall be based upon the rate in effect for the year in which the fees were incurred. In his request Petitioner states the fees are $191.70 for 2016 and $195.95 for 2017. (ECF No. 15 at 2.) Based on Petitioner's request, the Court shall award $191.70 for work

performed in 2016 and $195.95 for work performed in 2017 and 2018.[3]

Petitioner also seeks $125.00 per hour for work performed by a paralegal. Fees for work performed by prevailing parties are recoverable at the prevailing market rate. Richlin Sec. Serv. Co. v. Chertoff, 553 U.S. 571, 581 (2008). In this division, the reasonable rate of compensation for a paralegal would be between $75.00 to $150.00 per hour depending on experience. Sanchez v. Frito-Lay, Inc., No. 1:14-CV-00797 AWI, 2015 WL 4662636, at *18 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (finding reasonable rate for paralegal was $125.00 per hour and legal assistant was $75.00 per hour in a wage and hour class action); see also Willis v. City of Fresno, No. 1:09-CV-01766-BAM, 2014 WL 3563310, at *14 (E.D. Cal. July 17, 2014) adhered to on reconsideration, No. 1:09-CV-01766-BAM, 2014 WL 4211087; Miller v. Schmitz, No. 1:12-CV-00137-LJO, 2014 WL 642729, at *2 (E.D. Cal. Feb. 18, 2014), appeal dismissed (July 10, 2014), motion for relief from judgment denied, No. 1:12-CV-00137-LJO, 2014 WL 1689930 (E.D. Cal. Apr. 29, 2014) (awarding $100.00 per hour for a paralegal); Gordillo v. Ford Motor Co., No. 1:11-CV-01786 MJS, 2014 WL 2801243, at *6 (E.D. Cal. June 19, 2014) (awarding $125.00 per hour for paralegal work).

Since Defendant does not oppose the paralegal rate requested, the Court finds that the requested rate is reasonable.

3.  Attorney Fee Award

Based on the foregoing, Petitioner is awarded fees of $4,341.88.[4] The Court finds that this is a reasonable fee for the work performed by Petitioner in this action.

**C.  Substantial Justification**

Defendant has not presented any arguments that the Commissioner's position was substantially justified in this action. Therefore, Defendant has not met it burden to show that its position was substantially justified. The Court finds that Petitioner is entitled to the fees

---

[3] The Court notes that the maximum allowed fees are higher than Petitioner is requesting, but will award the hourly amounts that are requested by Petitioner.

[4] Attorney time: .5 hours at $191.70 and 19.5 hours at $195.95. Paralegal time 3.4 hours at $125.00.

requested.

**D. Costs**

Plaintiff also seeks costs of $400.00 for the filing fee in this action. Plaintiff does not attach any receipt in support of the costs requested. The Court takes judicial notice that the docket in this action reflects the payment of the filing fee. The Court grants the request for costs in the amount of $400.00.

Plaintiff also requests costs for service by mail. However, Plaintiff has not requested an amount for such service nor provided any receipts for service. Therefore, the request for costs of service are denied.

## VI.
## CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Petitioner's motion for attorney fees under the Equal Access to Justice Act is GRANTED;

2. Petitioner is awarded fees and costs in the amount of $4,741.88 under 24 U.S.C. § 2412(d); and

3. Defendant shall determine whether Plaintiff's EAJA attorney fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, shall cause payment of fees to be made directly to Plaintiff's counsel, Steven Rosales at the Law Office of Lawrence D. Rohlfing pursuant to the assignment executed by Plaintiff.

IT IS SO ORDERED.

Dated: **May 25, 2018**

UNITED STATES MAGISTRATE JUDGE